The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMEN BEEMAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security,<br><br>    Defendant. | Case No. 2:21-cv-00235-MJP<br><br>MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS<br><br>Noted for Consideration: August 6, 2021 |

Defendant, by and through counsel, hereby moves to stay discovery and other deadlines, including the time to file a Joint Status Report (Dkt. 13) pending resolution of his motion to dismiss (Dkt. 8). Defendant moved to dismiss all of Plaintiff's claims, arguing that the Last Chance Agreement Plaintiff entered into precludes his claims and that he failed to exhaust his claim of hostile work environment and any other claims of discrimination premised upon acts prior to his removal. *Id.* Discovery in this case is anticipated to raise issues possibly requiring court resolution depending upon what claims, if any, remain after a ruling on the motion to dismiss. However, discovery ultimately may not be necessary if the motion to dismiss proves to be case dispositive. Thus, as set forth below, there is good cause to stay discovery pending resolution of the motion to dismiss to avoid the potentially needless expense and burden of

MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
MOTION TO DISMISS
2:21-cv-00235-MJP

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

discovery. Defendant respectfully requests that this Court stay discovery and other related deadlines pending resolution of the motion to dismiss.

**I.  A stay would conserve the Court's and parties' resources and avoid needless discovery disputes while the Court determines what claims, if any, remain.**

This Court has wide discretion to stay discovery while a motion to dismiss is pending. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). A court may relieve a party of the burdens of discovery while a motion is pending pursuant to its inherent authority over discovery matters and also pursuant to the Federal Rules of Civil Procedure. *Id.*; Fed. R. Civ. P. 26(c) (court may deny or limit discovery upon a showing of good cause). Stays are appropriate where it "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 1 (Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.3d at 268).

In this case, the factors set forth in *Lockyear* weigh in favor of granting the stay. Considering the first factor, a stay will not cause damage to either party. Rather, efficiency will be served by the parties knowing which claims are at issue before embarking on discovery. If the

MOTION TO STAY DISCOVERY PENDING  
RESOLUTION OF MOTION TO DISMISS  
2:21-cv-00235-MJP  
PAGE– 1

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

parties were to commence discovery while the motion to dismiss is still pending, there inevitably will be disputes about the appropriate scope of discovery as Defendant's position is not only that all claims are precluded by the Last Chance Agreement, but also that Plaintiff did not exhaust any claims of a hostile work environment, while Plaintiff presumably will seek discovery on all of his claims. Dkt. 8. The second factor also favors a stay in order to conserve judicial resources and the parties' resources. Defendant anticipates that this case will raise a number of challenging discovery issues that will likely require court involvement, and that discovery will impose an increased, disproportionate burden on the government. Plaintiff has brought employment discrimination claims regarding his 8-year tenure as a Border Patrol Agent and not only is attempting to challenge his Last Chance Agreement, but has alleged claims of a hostile work environment, and has raised allegations concerning investigations involving the Sedro Wooley police department. Thus, extensive document discovery regarding Plaintiff's employment is anticipated, as well as possible third-party discovery. Plaintiff has also already set forth the names of purported comparators in his complaint, and thus is expected to seek discovery into those non-party Border Patrol employees' employment records. *See* Dkt. 3 at ¶¶ 4.53-4.64. Collectively, this discovery could prove fruitless and unnecessary depending upon the Court's ruling and will thus be overly burdensome. During the conferral process, Plaintiff's counsel raised a concern about Plaintiff having to wait for discovery and the passage of time while the motion to dismiss is pending. However, litigation holds address this concern and the burden on Defendant and Customs and Border Protection of having to respond to discovery when Plaintiff's ability to bring his claims in light of the Last Chance Agreement has been challenged outweighs any such concerns. The third factor, the orderly course of justice and judicial economy, also weighs in favor of a stay. Judicial economy will be furthered if the Court is not burdened by discovery motions that may be obviated by a ruling on the motion to dismiss. In addition, the orderly course

MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF MOTION TO DISMISS
2:21-cv-00235-MJP
PAGE– 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of justice will be furthered if the parties know what, if any, issues remain after a ruling on the motion to dismiss.

A stay has been found to be justified where, as here, a pending motion to dismiss is potentially dispositive of the entire case and is not dependent on additional discovery. *See e.g.*, *Roberts v. Khounphixay*, Case No. 2:18-cv-00746-MJP-BAT, 2018 WL 5013780, at *1 (W.D. Wash. Oct. 16, 2018) (staying discovery pending ruling on motion for judgment on the pleadings). In addition, courts have stayed discovery even if the motion to dismiss may not be dispositive of the entire case—but where resolution would focus the course of litigation. *See e.g.*, *Lazar v. Charles Schwab & Co. Inc.,* 2014 WL 12551210, at **1-2 (D. Ariz. Sept. 19, 2014) (staying discovery pending resolution of a motion to dismiss and noting that even if "resolution of the motion to dismiss does *not* dispose of the case, it will focus the scope of discovery"); *see also Igielski v. Riversource Life Ins. Co.*, Case No. C15-313-RAJ, 2015 WL 12025324, at *2 (W.D. Wash. May 22, 2015) ("In an appropriate case, it makes sense to delay discovery while a dispositive motion is pending."). Further, courts often grant stays where a pending motion to dismiss raises "threshold" legal issues, which Defendant's motion does—namely, whether Plaintiff administratively exhausted all of the claims he is attempting to raise here. Dkt. 8 at 12-18. *See e.g.*, *Barnhouse v. Young*, Case No. 08-5553 RJB-KLS, 2009 WL 959559, at *1 (W.D. Wash. Apr. 6, 2009) ("a stay is warranted while the Court determines the threshold issue of whether Mr. Barnhouse has exhausted his administrative remedies.").

Defendants' motion to dismiss is fully briefed, ready for this Court's determination, may be dispositive of the entire case, and requires no factual discovery for its resolution. Even if a ruling on the motion to dismiss does not entirely resolve the litigation—for example if this court were to grant the motion only in part—that will still significantly shape the course of discovery and the path of this litigation. *See Lazar,* 2014 WL 12551210, at *1-2. Conserving judicial

MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF MOTION TO DISMISS
2:21-cv-00235-MJP
PAGE– 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

resources, avoiding unnecessary discovery disputes, and preventing burdensome discovery involving claims that may not survive the pleading stage weigh in favor of staying discovery here.

The undersigned counsel, Heather C. Costanzo and James C. Strong, certify that they met and conferred with counsel for Plaintiff, Nolan Lim, during a telephone conference on Friday, July 16, 2021, after sending a draft stipulation, in an effort to resolve the issues raised in this motion, but were unable to reach an agreement.

**DATED** this 19th day of July, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/Heather C. Costanzo*
HEATHER C. COSTANZO, FL No. 37378

*s/James C. Strong*
JAMES C. STRONG, OR No. 131597
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  heather.costanzo@usdoj.gov
Email: james.strong@usdoj.gov

*Attorneys for Defendant*

MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF MOTION TO DISMISS
2:21-cv-00235-MJP
PAGE– 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970